UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 10-CR-00200 |
| VS. | |
| ROBERT E. "RED" STEVENS & <br> ARTHUR GILMORE, JR. | CHIEF JUDGE JAMES <br> MAGISTRATE JUDGE HAYES |

**GOVERNMENT'S RESPONSE TO OBJECTION
TO GOVERNMENT'S SPECIAL REQUESTED INSTRUCTIONS**

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, who respectfully submits the following in response to Defendant's filing of April 20, 2011:

<u>Special Requested Instruction Number 1</u>: The Government's Special Requested Instruction Number 1 was given by Judge Hicks in *United States v. Walker and Claville*, 07-50097-01/03, a case RICO case in which the predicate offense was the Louisiana public bribery law as the RICO predicate offense.

Defendant submits a Louisiana pattern charge and claims that it shows the specific intent is the "applicable *mens rea* at issue in this case," but he is incorrect. The words "specific intent" as used in Defendant's

proffered instruction refer to the intent of the person <u>giving</u> the bribe, not the intent of the person accepting it.  Element number three reads "that the defendant accepted [offered to accept] [*describe the thing of value*], [knowing that it was given or offered] with the specific intent to influence the defendant's conduct in relation to his position, employment or duty . . ."  This is consistent with the statute which forbids the acceptance of anything of value when the thing is given "with the intent to influence" the conduct of the public officer.  L.S.A. 14:118.  Thus, specific intent applies not to Defendant, but rather to the person tendering the bribe.  It must be the reason that he acted.  Defendant need only accept the item knowing why it was given.

The instruction submitted by the Government and utilized by Judge Hicks in the *Walker* case is a correct statement of the law regarding the Defendant's mental state and should be utilized by this Court.  The addition of the requested specific intent language, especially since it is not needed, would simply confuse the issues and the jury.

<u>Special Requested Instruction Number 2</u>:  The requested instruction reads as follows:

> Louisiana law provides that no public servant shall receive anything of economic value, other than compensation and benefits from the governmental entity to which he is duly entitled, for the performance of the duties and responsibilities

of his office or position.[1] It further provides that no elected official of a governmental entity shall receive or agree to receive any thing of economic value for assisting a person in a transaction or in an appearance in connection with a transaction.

The term "public servant" includes elected officials.

A "thing of economic value" includes money or any other thing having economic value.

Defendant does not claim that this is an incorrect statement of the law. Instead, he claims that it is a constructive amendment of the indictment, unfairly prejudicial, redundant and allows the jury to convict based on a violation of the ethics code. He finally argues that *Skilling v. United States*, __ U.S. __, 130 S.Ct. (2010) bars the use of this statute.

In *United States v. Snyder*, 930 F.2d 1090 (5th Cir. 1991), the defendant was a member of the Mississippi Public Service Commission. He was charged with taking bribes from entities that the Commission regulated. The trial judge "correctly" charged the jury with a state statute which forbid a member of the Commission "from accepting any gift, pass, money or any other benefits whatsoever, either directly or indirectly from anyone employed or connected with any public utility regulated by the Commission." *Snyder*, 930 F.2d at 1093 (footnote and internal quotation marks omitted). Likewise, in this case, the Court should instruct the jury

---

[1] L.S.A. 42:1111(A)(1).

on relevant Louisiana law.

    Respectfully submitted this 22nd day of April, 2011.

                                    STEPHANIE A. FINLEY
                                    United States Attorney

                    By:   /s Mignonne Griffing
                           C. MIGNONNE GRIFFING, #19601
                           Assistant United States Attorney
                           300 Fannin Street, Suite 3201
                           Shreveport, LA  71101
                           318/676-3600

## CERTIFICATE OF SERVICE

    I hereby certify that on the 22nd day of April, 2011, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

                           /s Mignonne Griffing
                           C. MIGNONNE GRIFFING, #19601
                           Assistant United States Attorney
                           300 Fannin St, Ste 3201
                           Shreveport, LA  71101
                           318/676-3630
                           Mignonne.Griffing@usdoj.gov